IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11246
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMIRO ENRIQUEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-979-R
- - - - - - - - - -
December 9, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

     Federal prisoner Ramiro Enriquez (#20677-080) was granted a
certificate of appealability (COA) solely with respect to his 28
U.S.C. § 2255 claim that his appellate counsel was ineffective
for failing to challenge on appeal the sentencing court's
application of U.S.S.G. § 4A1.1(d) in computing his criminal
history.  After the grant of COA, the Government supplemented the
record with probation records establishing that Enriquez was on
probation when he committed the offense of conviction.  Thus,
Enriquez's claim that his appellate counsel was ineffective is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

without merit.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Enriquez's contention that because the documents submitted by the Government indicate a deferred-adjudication proceeding, there was no "adjudication of guilt" for purposes of criminal-history computation is without merit.  <u>See</u> <u>United States v. Giraldo-Lara</u>, 919 F.2d 19, 22 (5th Cir. 1990).

The district court's denial of Enriquez's § 2255 motion is AFFIRMED.  Enriquez's motion to supplement the record is DENIED.

AFFIRMED. MOTION DENIED.